## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | |
|---|---|
| **Great West Casualty Company,** | Case No.: 0:19-cv-01335-CMC |
| **Plaintiff,** | |
| v. | |
| **Bryan Ingram Montgomery, Brittany Nicole Hall, S.P.S.N Logistics, Inc., and Sinisa Perisic, and Independent Contractors of Wisconsin Truck Owner Operators Assoc.** | **COMPLAINT** |
| **Defendants.** | |

1.  The Plaintiff Great West Casualty Company ("Great West") is a Nebraska corporation with its principal place of business in South Sioux City, Nebraska. One-hundred percent of Great West's common stock is owned by ORI Great West Holdings, Inc. One-hundred percent of ORI Great West Holdings, Inc.'s stock is owned by Old Republic General Insurance Group, Inc. One-hundred percent of Old Republic General Insurance Group, Inc.'s stock is owned by Old Republic International Corporation. Old Republic International Corporation is publicly traded on the New York Stock Exchange as "ORI".

2.  On knowledge and belief, Defendant Brittany Nicole Hall ("Hall") is a citizen and resident of Kershaw County, South Carolina.

3.  On knowledge and belief, Defendant Bryan Ingram Montgomery ("Montgomery"), was, at the time of the accident alleged in the underlying Amended Complaint, a citizen and resident of Lancaster County, South Carolina.

4. On knowledge and belief, Defendant S.P.S.N Logistics, Inc. ("SPSN") is a trucking company incorporated in the state of Illinois with its principal place of business in Carol Stream, Illinois. Sinisa Perisic ("Perisic") is the president and registered agent for SPSN.

5. On knowledge and belief, Defendant Independent Contractors of Wisconsin Truck Owner Operators Assoc. ("Wisconsin Truck Owner Operators Assoc.") is an association of independent truck owner-operators with its principal place of business in New Berlin, Wisconsin.

6. The jurisdictional amount exceeds Seventy-Five Thousand Dollars ($75,000) because a declaration is sought regarding coverage of a non-trucking use policy with a liability coverage limit of $1,000,000, and because Defendant Hall has filed a lawsuit alleging that Defendant Bryan Ingram Montgomery caused a multiple vehicle accident while driving under the influence of alcohol, causing Defendant Hall severe, serious, and painful injuries. In addition, Defendant Hall seeks punitive damages.

7. This Court, therefore, has jurisdiction under 28 U.S.C. §1332.

8. There is jurisdiction for this declaratory action under 28 U.S.C. § 2201.

9. Venue is proper in the Rock Hill Division because the underlying action was filed in York County, South Carolina; the underlying incident allegedly occurred in York County, South Carolina; and upon information and belief, Defendant Brian Montgomery was, at the time of the accident, a resident of Lancaster County, South Carolina. York County and Lancaster County are within the Rock Hill Division.

## FACTS

10. Great West Casualty Company issued Policy Number ICP00366M ("Policy"), with a policy period from February 1, 2018 to February 1, 2019, to named insured Independent

Contractors of Wisconsin Truck Owner Operators Assoc. ("Wisconsin Truck Owner Operators Assoc."). Pursuant to a Certificate of Insurance effective 6/22/2017, S.P.S.N Logistics, Inc. and Sinisa Perisic are also listed as insured under this policy. A copy of the certified policy, redacted to remove premium information, is attached as Exhibit 1, and a copy of the Certificate of Insurance is attached as Exhibit 2.

11. As to liability coverage, the Policy provides in relevant part:

**SECTION II-COVERED AUTOS LIABILITY COVERAGE**

**A. COVERAGE**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto" only while:
1. A covered "auto" is not used to carry property in any business; and
2. A covered "auto" is not used in the business of anyone to whom the "auto" is rented, leased or loaned.
…

12. The Policy further provides the following exclusions:

**B. EXCLUSIONS**

This insurance does not apply to any of the following:
1. **EXPECTED OR INTENDED INJURY**
   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".
**…**
**15. MOTOR CARRIER OPERATIONS**
   This insurance does not apply to:
   **a.** A covered "auto" while used to carry property in any business; or
   **b.** A covered "auto" while used in the business of anyone to whom the "auto" is rented, leased or loaned.
…

11. In addition, the Policy provides the following relevant conditions:

**SECTION V – TRUCKERS CONDITIONS**

The following Conditions apply in addition to the Common Policy Conditions.

…

**2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS**

We have no duty to provide coverage under this policy if failure to comply with the following duties is prejudicial to us:

…

**b.** Additionally, you and any other involved "insured" must:

…

  **(3)** Cooperate with us:
   **(a)** In the investigation or settlement of the claim; or
   **(b)** In the investigation of, settlement of or defense against the "suit".

  **…**

**c.** If there is a "loss" to a covered "auto" or its equipment you must also do the following:

  **…**

  **(4)** Agree to examination under oath at our request and give us a signed statement of your answers.

13. The Policy also provides relevant definitions, including the definitions set forth below:

**SECTION VI – DEFINTIONS**

C. "**Bodily Injury**" means "bodily injury", sickness or disease sustained by a person including death resulting from any of these.

…

K. "**Insured**" means any person or organization qualifying as an "insured" in the Who is an Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each "insured" who is seeking coverage or against whom a claim or "suit" is brought.

…

T. "**Property Damage**" means damage to or loss of use of tangible property.

14. This declaratory judgment action arises out of an incident alleged in an Amended Complaint filed on or about August 29, 2018 by Brittany Nicole Hall against Bryan Ingram Montgomery and TAK Trucking, Inc. ("Complaint"). The Complaint, which is pending in York County, South Carolina, alleges General Negligence as to Montgomery and Negligent

Entrustment as to TAK Trucking, Inc. in relation to a motor vehicle accident on or about March 11, 2018, involving Hall and Montgomery. A copy of the Complaint is attached as Exhibit 3.

15. The Complaint alleges that on March 11, 2018, Montgomery was operating a 2015 Freightliner Truck owned by Defendant TAK Trucking, Inc. and operated by Montgomery with TAK Trucking, Inc.'s permission in York County, South Carolina.

16. The Complaint alleges that Montgomery was traveling under the influence and too fast for conditions, causing a multi-vehicle collision.

17. The Complaint alleges that at all times mentioned in the Complaint, Defendant Montgomery was the employee, agent and/or servant of Defendant TAK Trucking, Inc. and that all acts complained of in the Complaint were performed and done by Montgomery in the course and scope of his agency, authority, and/or employment with the express and/or implied authority of TAK Trucking, Inc. pursuant to the doctrine of *respondeat superior*.

18. The Complaint alleges negligent entrustment against TAK Trucking, Inc.

19. The Complaint alleges that Montgomery was in the business of TAK Trucking, Inc. at the time of the accident.

20. SPSN, Perisic, and Wisconsin Truck Owner Operators Assoc. are not named in the Complaint.

21. The Complaint does not allege any claims against SPSN, Perisic, and Wisconsin Truck Owner Operators Assoc.

22. The Complaint does not allege that SPSN, Perisic, and/or Wisconsin Truck Owner Operators Assoc. owned, hired, or borrowed the auto allegedly operated by Montgomery in the accident, or that Montgomery was using the auto with SPSN, Perisic, or Wisconsin Truck Owner Operators Assoc.'s permission.

23. The Complaint does not allege any claims against Montgomery arising out of actions by Montgomery in the business of SPSN, Perisic, or Wisconsin Truck Owner Operators Assoc.

24. At this time, Great West has provided a defense to Montgomery subject to a reservation of rights.

25. Great West seeks a declaration from the Court that it owes no duty to defend or indemnify Montgomery, SPSN, or Perisic under Great West's Policy for the allegations contained in Defendant Hall's Complaint.

## FOR A FIRST DECLARATION

26. The allegations in paragraphs 1-23 above are realleged as though repeated verbatim herein.

27. As set forth above, the Policy provides for liability coverage to the extent bodily injury or property damage was caused by an accident and *only* while "[a] covered 'auto' is not used to carry property in any business; and [a] covered 'auto' is not used in the business of anyone to whom the 'auto' is rented, leased or loaned."

28. The Complaint alleges that the auto driven by Montgomery was owned by TAK Trucking, Inc.

29. The Complaint alleges that at all times mentioned in the Complaint, Defendant Montgomery was the employee, agent and/or servant of Defendant TAK Trucking, Inc. and that all acts complained of in the Complaint were performed and done by Montgomery in the course and scope of his agency, authority, and/or employment with the express and/or implied authority of TAK Trucking, Inc. pursuant to the doctrine of *respondeat superior*.

30.     As a result, the Complaint alleges that Montgomery was in the business of TAK Trucking, Inc. at the time of the accident.

31.     Thus, the Policy provides no liability coverage for the allegations contained in the Complaint, and Great West is entitled to a declaration that it has no duty to indemnify or provide a defense to Defendants under the Policy.

## FOR A SECOND DECLARATION

32.     The allegations in paragraphs 1-29 above are realleged as though repeated verbatim herein.

33.     As set forth above, the Policy "does not apply to… "[a] covered 'auto' while used to carry property in any business; or… [a] covered 'auto' while used in the business of anyone to whom the 'auto' is rented, leased or loaned."

34.     The Complaint alleges that at all times mentioned in the Complaint, Defendant Montgomery was the employee, agent and/or servant of Defendant TAK Trucking, Inc. and that all acts complained of in the Complaint were performed and done by Montgomery in the course and scope of his agency, authority, and/or employment with the express and/or implied authority of TAK Trucking, Inc. pursuant to the doctrine of *respondeat superior*.

35.     Thus, to the extent the auto operated by Montgomery was rented, leased or loaned by TAK Trucking, Inc., the allegations of the Complaint allege damages arising out of an auto that was being used to carry property in a business and/or an auto that was being used in the business of someone to whom the auto was rented, leased or loaned.

36.     As a result, to the extent the auto operated by Montgomery was rented, leased or loaned by TAK Trucking, Inc., the Policy provides no liability coverage for the allegations

contained in the Complaint, and Great West is entitled to a declaration that it has no duty to indemnify or provide a defense to Defendants under the Policy.

## FOR A THIRD DECLARATION

37. The allegations in paragraphs 1-34 above are realleged as though repeated verbatim herein.

38. The Policy provides:

This insurance does not apply to any of the following:
3. **EXPECTED OR INTENDED INJURY**
   "Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

39. The Complaint alleges that Montgomery was operating the auto involved in the accident while under the influence of alcohol to the extent that his faculties to drive were materially and appreciably impaired.

40. As a result, the bodily injury and/or property damage alleged in the Complaint were expected or intended.

41. Thus, the damages alleged in the Complaint are not covered by the Policy, and Great West is entitled to a declaration that it has no duty to indemnify or provide a defense to Defendants under the Policy.

## FOR A FOURTH DECLARATION

42. The allegations in paragraphs 1-39 above are realleged as though repeated verbatim herein.

43. The Policy provides:

We have no duty to provide coverage under this policy if failure to comply with the following duties is prejudicial to us:
…
**b.** Additionally, you and any other involved "insured" must:
…

>    **(3)** Cooperate with us:
>    >    **(a)** In the investigation or settlement of the claim; or
>    >    **(b)** In the investigation of, settlement of or defense against the "suit".
>
>    …
>    **c.** If there is a "loss" to a covered "auto" or its equipment you must also do the following:
>    >    …
>    >    **(4)** Agree to examination under oath at our request and give us a signed statement of your answers.

44.     To the extent any allegation exists that Montgomery was an insured, he has failed to cooperate with Great West in any way, including failing to assist with investigation, failing to assist with the defense, failing to respond to requests for examinations under oath, and failing to respond to any and all communications directed to him.

45.     Great West has been prejudiced by Montgomery's failure to comply with the above provisions.

46.     As a result, Great West has no duty to provide coverage under this policy, and Great West is entitled to a declaration that it has no duty to indemnify or provide a defense to Defendants under the Policy.

**WHEREFORE**, Plaintiff prays the Court to issue declarations that:

(a)     Plaintiff has no duty to indemnify the Defendants in connection with the underlying action because there is no coverage under the Policy, including for the reasons set forth above;

(b)     Plaintiff has no duty to defend Montgomery in the underlying action because there is no possibility of coverage;

(c)     For all attorney's fees and costs in bringing this action and for any other remedy as the Court deems appropriate.

*Signature Page to Follow*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Brandon R. Gottschall
Mark S. Barrow, Fed. I.D. No. 1220
Brandon R. Gottschall, Fed. I.D. No. 12201
Ryan J. Patane, Fed. I.D. 12710
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
**ATTORNEYS FOR PLAINTIFF**

Columbia, South Carolina

May 7, 2019